USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 3/4/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Cardinal Health 110, LLC,

                                    Plaintiff,                                    26-cv-01467-JGLC-VR

        -against-                                                                **ORDER**
Srinivasa Talla, et al.,

                                    Defendants.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff commenced this action in February 2026 after Defendants allegedly breached contracts related to credit applications for a program run by Plaintiff. (ECF No. 1). Although the complaint alleges that "[t]his Court possesses diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332" (ECF No. 1 at ¶ 18), it does not plead the facts required to establish diversity jurisdiction under that statute.

For purposes of diversity, a limited liability company takes the citizenship of each of its members. Thus, a complaint invoking diversity jurisdiction must allege the citizenship of every member of an LLC, whether those members are natural persons or corporate entities. *See, e.g.*, *Goney v. SuttonPark Cap. LLC*, No. 22-1830, 2023 WL 8235019, at *3 (2d Cir. Nov. 28, 2023) (summary order); *MinedMap, Inc. v. Northway Mining, LLC*, No. 21-1480, 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022) (summary order).

Plaintiff's complaint fails to do so with respect to both Plaintiff and Defendant Haverstraw Drugs, LLC (HD). It alleges that Cardinal Health 100, LLC "is a Delaware limited liability company . . . [and] is a wholly owned subsidiary of Cardinal Health, Inc." (ECF No. 1 at ¶ 4), but it does not allege the citizenship of Cardinal Health, Inc. Because an LLC's citizenship is determined by the citizenship of its members, and

because Cardinal Health, Inc. is the sole member, the complaint must allege the corporation's state of incorporation and principal place of business.

Similarly, although the complaint states that Plaintiff has been unable "to identify the citizenship or identity of each member of Defendants HD, LCR, and JNR" (*Id.* at ¶ 14), only Defendant HD requires such allegations if it is an LLC. Defendants Lake Carmel RX, Inc. (LCR) and JNR Pharmacy Brewster, Inc. (JNR) are corporations, and their citizenship depends solely on their states of incorporation and principal places of business, which Plaintiff has properly alleged to be New York. The absence of allegations concerning the citizenship of each member of HD therefore precludes a determination that complete diversity exists with respect to that defendant.

Plaintiff shall file a letter on or before March 11, 2026, providing the information required. If they fail to do so, this action will be dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

DATED:     White Plains, New York
           3/4/2026

_____
VICTORIA REZNIK
United States Magistrate Judge