USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 6/18/2026 _

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
Cardinal Health 110, LLC,

                               Plaintiff,

                  -against-

Srinivasa Talla et al.,

                            Defendants.
-------------------------------------------------------------------X

26-cv-01467-JGLC-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

On May 20, 2026, Defendant Ventaka Chaluvadi moved to dismiss Plaintiff's amended complaint. (ECF No. 45). Chaluvadi argues that the amended complaint should be dismissed because Plaintiff relies on impermissible group pleading, inadequately pleads diversity jurisdiction, and fails to state a claim. (*Id.* at 8–17). Plaintiff timely opposed the motion (ECF No. 56).

While that motion was pending, the remaining defendants sought leave to join it and adopt Chaluvadi's arguments. Three joinder motions followed: one by Defendants Srinivasa Talla and Samata Talla (the Tallas) (ECF No. 60); one by Defendant Krishna Kiran (ECF No. 58); and one by Defendants Pardhasaradi Abdas, JNR Pharmacy Brewster, Inc. (JNR Pharmacy), Kingston Chemists, Inc., Lake Carmel RX, Inc., and Haverstraw Drugs, LLC (ECF No. 55). The last motion sought additional relief: Lake Carmel RX and Haverstraw Drugs also asked to dismiss the claims against them for insufficient service of process. (*Id.* at 1–2).

1

Plaintiff responded to the joinder motions, consented to the remaining defendants' joinder in Chaluvadi's motion, and reiterated that the motion to dismiss—as applied to the remaining defendants—should be denied for the reasons stated in Plaintiff's opposition to Chaluvadi's motion. (ECF No. 61). Plaintiff also noted that it addressed only Chaluvadi's arguments, not "any extraneous arguments" omitted from his motion. (*Id.*).

Thus, the motions for leave to join Chaluvadi's motion to dismiss are GRANTED to the extent the moving defendants adopt the arguments raised in Chaluvadi's motion papers. But to the extent Lake Carmel RX and Haverstraw Drugs seek dismissal for insufficient service of process under Rule 12(b)(5), that request is DENIED without prejudice. The Court will not resolve that fact-based, defendant-specific issue through a bare joinder in a co-defendant's Rule 12(b)(1) and 12(b)(6) motion.

Instead, without deciding whether prior service was effective, by July 16, 2026, Plaintiff shall either (1) file proof that service on Lake Carmel RX and Haverstraw Drugs was properly effected or (2) effect service on those defendants and file proof of service on the docket. The Court construes Lake Carmel RX and Haverstraw Drugs' joinder filing as asserting, but not adequately briefing, a Rule 12(b)(5) defense. Any renewed application on insufficient service must be filed within 14 days after Plaintiff files proof of service. The Court will treat any such application as supplemental briefing on the Rule 12(b)(5) defense already

asserted, and the application must also address waiver under Rules 12(g) and 12(h), if applicable.

The Clerk of Court is kindly directed to close the gavels associated with ECF Nos. 55, 58, and 60.

**SO ORDERED.**

DATED:    White Plains, New York
          06/18/2026

_____
VICTORIA REZNIK
United States Magistrate Judge

3